**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re

Yasser Boza Diaz

                                                    CHAPTER   13
                                                    CASE NO.   24-15532-CLC

        Debtor(s)
_____/

**OBJECTION BY US BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET TRUST TO CONFIRMATION OF CHAPTER 13 PLAN FILED BY THE DEBTOR(S)**

      US BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET TRUST("Creditor"), by the undersigned attorneys, objects to confirmation of the Plan ("Plan") as proposed by the Debtor(s) and any future Plan(s) filed by the Debtor(s) to the extent that such Plan or Plans contain the provision(s) to which this Objection is directed. In support of this Objection, the Creditor states as follows:

      1.     For value received, the Debtor(s) executed and delivered a Note and Mortgage ("Loan Documents") as evidence of indebtedness to Creditor. Said indebtedness is secured by property more particularly described in the Mortgage as: REAL PROPERTY LOCATED: 8090 W 18TH LN RD HIALEAH, FL 33014, LEGALLY DESCRIBED AS: LOT 7, BLOCK 13, OF FOURTH ADDITION TO PALM SPRINGS LAKES, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 79, PAGE 77, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA ("Collateral"). Reasons for objection:

**Failure to Provide for Full Payment of Prepetition Arrearages**

      2.     The Creditor will be filing a Claim which sets forth prepetition arrearages in the approximate amount of $122,043.19, which are due and owing in regards to the loan.

      3.     The Plan fails to provide for payment of the full amount of these prepetition arrearages through the Plan.

      4.     The Plan fails to comply with 11 U.S.C. §1325 (a)(5) in that it does not provide adequate protection for Creditor's interest pursuant to 11 U.S.C. §361. In addition, Creditor does not agree to such treatment through the Plan.

**Failure to Provide for Correct Monthly Payment**

      5.     The Creditor will be filing a claim which sets forth the monthly payment at the time the bankruptcy petition was filed to be in the amount of $2,447.43with regards to the loan account.

      6.     The Plan fails to provide for payment of the full amount through the Plan.

      7.     The Plan fails to comply with 11 U.S.C. §1325 (a)(5) in that it does not provide adequate protection for Creditor's interest pursuant to 11 U.S.C §361. In addition, Creditor does not agree to such treatment through the Plan.

### Lack of Adequate Protection

8. The Debtor is proposing to modify the mortgage in question through this Court's Mortgage Modification Mediation Program. The Debtor should be required to pay Creditor a good faith adequate protection payment each month while the Mortgage Modification Mediation process is pending and said payment shall be no less than 31% of the Debtor's gross monthly income. The Chapter 13 Plan in this case does not propose sufficient adequate protection payments to Creditor considering the Chapter 13 Plan proposes to pay Creditor a payment of $1,295.02 for months 1 - 60 of the Plan. According to Schedule I, the Debtor's gross monthly income is $4,489.33 and 31% of that amount is $1,391.70. The Debtor should be required to file an Amended Plan which proposes to pay an adequate protection payment each month equaling 31% of Debtor's gross monthly income or alternatively, the contractual monthly payment. *See, In re Jiane M Bahlawan, Case No. 13-27651-RBR, Doc. No. 44, SD Fla. 2014*.

9. Creditor will withdraw this Objection in the event that the Plan is amended to conform to the Creditor's proof of claim or otherwise satisfactorily address the issue(s) raised in this Objection.

WHEREFORE, Creditor prays for the entry of an appropriate order denying confirmation with respect to the Plan as proposed and any future Plan(s) filed by the Debtor(s) to the extent that such Plan or Plans contain the provisions to which this Objection is directed.

### Certification as to Admission to the Southern District Bar

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

I hereby certify that if the above is a matter requiring a hearing rather than negative notice, I have attempted to resolve the disputes involved with opposing parties prior to requesting any hearing on the above Motion.

/s/ George Zamora
George Zamora
Kass Shuler, P.A.
P.O. Box 800
Tampa, FL 33601
Phone: (813) 229-0900
Fax:    (813) 229-3323
gzamora@kasslaw.com
Florida Bar No. 871605

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a true and correct copy of the foregoing was furnished on June 26, 2024, by U.S. Mail and/or electronic mail via CM/ECF to: Yasser Boza Diaz, 8090 W 18TH LANE RD, Hialeah, FL 33014; Yoelexys Figueroa at his/her place of abode, 8090 W 18TH LANE RD, Hialeah, FL 33014; Jose A. Blanco, Esq., 102 East 49th Street, Hialeah, FL 33013; Nancy K. Neidich, Trustee P.O. Box 279806, Miramar, FL 33027-9806.

/s/ George Zamora
George Zamora

2424734B/mlh